# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TINA L. ACKERMAN,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-708-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's denial of Plaintiff's application for social security disability insurance benefits. For the reasons set forth herein, the decision of the Commissioner is **REVERSED and the matter is REMANDED** for further proceedings, consistent with this opinion.

## Procedural History

Plaintiff protectively filed applications for a period of disability and disability insurance benefits on June 20, 2007, alleging a disability onset of January 15, 2007 (R. 125-127). The application was denied initially and on reconsideration (R. 70-73, 76-78, 80-81), and Plaintiff requested and received a hearing before an administrative law judge ("the ALJ") (R. 27-69). On August 26, 2009, the ALJ issued an unfavorable decision (R. 13-26). The Appeals Council subsequently denied Plaintiff's request for review (R. 1-7), making the ALJ's decision the final decision of the Commissioner. This action timely followed (Doc. No. 1).

The parties have briefed the issues and consented to the jurisdiction of the United States Magistrate Judge, and the matter is now ripe for review.

## Nature of Claimed Disability

Plaintiff alleges she has been unable to work since January 15, 2007, due to bipolar disorder, attention deficit hyperactivity disorder (ADHD), asthma, and chronic fatigue syndrome (R. 159).

*Summary of the Evidence*

Plaintiff was 37 years old on the date of the ALJ's decision, with a high school education, two years of college, and past relevant work experience as a receptionist, teacher's aide, and bank teller (R. 24, 160).

The medical evidence is set forth in the ALJ's decision and, in the interests of privacy and brevity, will be stated here only to the extent necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes testimony at the administrative hearings, written forms and reports, and opinions from non-examining consultants. By way of summary, the ALJ determined that Plaintiff had severe impairments of chronic fatigue syndrome, fibromyalgia, bipolar disorder, adult ADHD, and asthma (R. 18), and the record supports this uncontested finding. The ALJ determined that claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526), and determined that Plaintiff retains the residual functional capacity ("RFC") to perform sedentary work, with the following additional limitations:

> The claimant must be able to change positions as needed during the workday while remaining in her work station. She is restricted to occasionally climbing ramps/stairs, balancing, stooping, kneeling, crouching, and crawling. She cannot climb ladders/ropes/scaffolds, and she should avoid concentrated exposure to dangerous work hazards and concentrated pulmonary irritants. The claimant is limited to routine, uncomplicated work tasks because of fatigue and ease of distraction.

(R. 20). The ALJ determined that Plaintiff could not return to her past relevant work (R. 24), but relied on the testimony of a Vocational Expert ("VE") and the Medical-Vocational Guidelines to find

there were other jobs existing in significant numbers in the national economy that Plaintiff could perform (R. 24-25). Thus, the ALJ concluded that Plaintiff was not disabled (R. 25-26).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises three issues on review, contending that: 1) the ALJ failed to evaluate the functional limitations of Plaintiff's shoulder impairment; 2) the ALJ "failed to articulate any rationale

for not crediting the[] opinions" of two non-examining consultants; and 3) the ALJ erred in failing to articulate good cause for not crediting the opinions of the treating physicians. While the Court is not persuaded by all of these contentions, it finds that error is nonetheless apparent and reversal for further consideration is warranted.

*The Five Step Evaluation*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ determined the case at Step 5, finding that other work exists that Plaintiff could perform.

*The RFC and evaluation of the medical evidence*

Plaintiff contends that the ALJ erred in formulating the RFC by failing to adequately evaluate the medical opinions and in failing to consider all of the evidence. Plaintiff complains that the ALJ did not consider or include in the RFC limitations arising from a shoulder impairment. According to the medical records, Plaintiff injured her shoulder while bowling in February 2007 (R. 322). She underwent arthroscopic surgery and right rotator cuff repair for the injury on November 6, 2007 (R.

316), and on return visit November 19, was "doing absolutely great" and no longer taking any pain pills. *Id.* Examination showed full passive range of motion, without significant discomfort. *Id.* The plan was "to continue with her abduction pillow for another four weeks" and her physician noted that: "She can use her right upper extremity for very light activity. We need to see her back in four weeks." (R. 316). No subsequent records are provided from this physician, although Plaintiff complained of "pain in the right hand, neck, shoulders, arms, left elbow, knees, hips, legs, and back" (R. 476) to another provider, who diagnosed her with fibromyalgia. The ALJ did not discuss a shoulder impairment and made no findings on same.

In her application for benefits, Plaintiff did not allege that she was disabled due to a shoulder impairment (R. 73, 159). While she alleged shoulder pain when she requested reconsideration of the administrative denial (R. 79), this was in October 2007, right before her subsequent surgery and excellent result. Although she noted shoulder pain in her request for an administrative hearing (April 2008) (R. 82), she did not testify about any shoulder impairment at the hearing (R. 32-61), and did not raise the issue when she sought review of the ALJ's decision before the Appeals Council (R. 7, 235-37). Rather, Plaintiff asserted at hearing that "I have a lot of just different pain, which come to find out, they ended up diagnosing as fibromyalgia." (R. 52). The ALJ did explore Plaintiff's allegations of pain in the context of her fibromyalgia impairment. In view of her failure to raise the pain as a separate shoulder impairment in her application, at hearing, or in her brief to the Appeals Council, no error is shown. *See Street v. Barnhart*, 133 Fed. Appx. 621, 627 (11th Cir. 2005) (unpub. dec.), *citing*, with approval, *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996) (an ALJ was "under no obligation to investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability").[1]

---

[1]Moreover, the record does not establish that Plaintiff's shoulder impairment lasted for the requisite twelve months.

Plaintiff also objects to the evaluation of the opinion evidence. Generally speaking, substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d).

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental

-6-

restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

Applied here, Plaintiff argues that the ALJ failed to properly evaluate the opinions of Dr. Steven Wise and Dr. Alan Harris, two State agency psychological consultants who reviewed the record and completed Psychiatric Review Technique and Mental Residual Functional Capacity Assessment forms (Pl.'s Br. at 13-18; R. 290-307, 376-393). Plaintiff also alleges that the ALJ erred by not giving controlling weight to functional assessment forms completed by two of Plaintiff's treating physicians, Dr. Mark Kucker and Dr. Frederick Herdel (Pl's Br. at 18-23). Upon review, the Court finds remand is necessary.

As Plaintiff points out, Dr. Kucker was Plaintiff's long time treating provider, and he issued a detailed opinion regarding her condition (R. 284-86). This opinion, however, and the treating notes from this provider, are exceptionally difficult to read due to illegible handwriting and/or poor photocopying (*See*, e.g., R. 264-266, 277, 279-280, 342, 344, 346-7). In addressing these documents, the ALJ noted only:

> On July 17, 2007, the claimant's treating physician, Mark A. Kucker, D.O., indicated that he did not believe the claimant could stay on task for a full day. However, Dr. Kucker stated that the claimant's immediate, recent, and remote memory are intact. (Exhibit 7-F). I give little weight to Dr. Kucker's opinion because it is inconsistent with the overall medical evidence of record.

(R. 23). Similarly, with respect to treating provider Dr. Herdel, the ALJ stated:

> The claimant has treated with G. Frederick Herdel, M.D. since February of 2008 for depression, anxiety, bipolar disorder, asthmatic bronchitis, and chronic fatigue syndrome. The claimant has been treated with Celexa and Xanax. (Exhibit 24-F). Dr. Herdel described the claimant's symptoms as chronic fatigue, daily generalized joint pain and muscle aches, and chronic sinus congestion. He indicated that depression, anxiety, and ADHD affect her physical condition. (Exhibit 23-F).
>
> On July 16, 2009, Dr. Herdel opined that the claimant's pain and other symptoms will frequently interfere with her attention and concentration. He further opined that she

> is incapable of even low stress jobs because stress will exacerbate her symptoms. Dr. Herdel found that she can sit four hours and stand or walk less than two hours. In addition, the claimant can occasionally lift 10 pounds and frequently lift less than 10 pounds. The claimant is also restricted to rarely stooping, bending, crouching, squatting, and climbing ladders and stairs. (Exhibit 23-F).
>
> I give partial weight to Dr. Herdel's findings as they are generally consistent with the claimant's testimony and the overall medical evidence of record. However, I reject Dr. Herdel's opinion that the claimant is incapable of even low stress work because this is not supported by the record, including Dr. Herdel's treatment notes.

(R. 22).

The Court cannot evaluate either conclusion, as the "overall medical record" necessarily includes Dr. Kucker's records, which are not properly presented here for review.

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). This obligation exists even if the claimant is represented by counsel. *Id.* This duty may include re-contacting a medical source to obtain a legible medical source statement. *See Davis v. Barnhart,* 405 F. Supp. 2d 1355, 1358 (N.D. Ala. 2005) (where physician's notes presented "a new level of physician note incomprehensibility," clarification was required pursuant to the ALJ's duty to develop a full and fair record.) This is especially so where, as here, the ALJ gave great weight to the opinions of the non-examining doctors (R. 20), who formed opinions based solely on a records review, and *both* doctors explicitly stated that the treating notes were "hard to read." (R. 302, 392).

To be clear, the Court is not finding that the evidence supports a finding of disability, nor is the Court finding otherwise. Rather, the Court holds that the ALJ cannot perform the required *Winschel* analysis (and this Court cannot review same) if the physician's records and opinions are not

decipherable.² Because the ALJ failed to adequately evaluate all of the medical opinions of record, the additional objections raised by Plaintiff are moot.³

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and was not made in accordance with proper legal standards. As the administrative decision was not made in accordance with proper legal standards, it is **REVERSED and the matter is REMANDED** under sentence four of 42 U.S.C. § 405(g), with instructions to clarify the treatment records and opinions, and to fully evaluate, consider and explain the weight given to each of the medical opinions; and conduct any additional proceedings deemed appropriate. **The Clerk is directed to enter judgment accordingly, and close the file.**

**DONE** and **ORDERED** in Orlando, Florida on May , 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record

---

²It may be that the ALJ had before her a better copy of the records than offered here. As neither consultant was able to readily decipher the treatment records however, remand is still appropriate. The ALJ may not rely on the existing opinions of Drs. Wise and Harris, as they are based upon an illegible record.

³As argued by Plaintiff, however, discounting the medical opinion of a treating provider requires more than a general statement that the opinion is "not supported by the record."

-9-